UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJOHN LAMONT MILLER,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>CHARLES PFEIFER et al.,<br><br>　　　　　　Respondents. | CASE NO. 2:20-cv-01628-PSG (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION** |

　　　Petitioner is a California state prisoner who, without submitting an underlying habeas petition, has filed a "motion" that (among other things) seeks a "stay" for "leave to file a second or successive petition under 28 U.S.C. § 2254." (ECF 1). To quote from that caption's pleading is to expose its many problems. If Petitioner has already filed a federal habeas petition before and wants to file a second or successive petition, this Court has no jurisdiction to decide that request, which may be granted only by the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). But if Petitioner has not filed a federal petition in any federal court, the general prohibition against state prisoners filing successive petitions does not yet apply. *See* 28 U.S.C. § 2244(b); *Gonzalez v. Sherman*, 873 F.3d 763, 765 (9th Cir. 2017).

　　　On the other hand, if Petitioner wants to file (and then obtain a stay of) his first federal habeas petition, he must file the necessary case-opening petition. That is why the Court previously ordered him to file a completed petition by April 12, 2020, using the Court's standard form CV-69, to avoid dismissal of this action. (ECF 3). But as of this order, Petitioner has filed no

completed petition or response of any kind. Nor has the Court received any notice of address change or undeliverable mail suggesting that Petitioner has not received the Court's prior order. Thus, even if Petitioner's intent is to file a standalone federal habeas petition, the Court has no jurisdiction until a justiciable petition has been filed. *See Calderon v. Ashmus*, 523 U.S. 740, 746, 749 (1998) (finding no "justiciable case within the meaning of Article III" where petitioner sought "to have [a] question determined in anticipation of seeking habeas"); *Harrison v. Warden*, 2016 WL 6436826, at *1 (C.D. Cal. Oct. 31, 2016) (dismissing action for lack of jurisdiction where petitioner filed letter requesting extension of time to file federal habeas petition with no underlying petition); *Casaburi v. Warden*, 2013 WL 3367275, at *1 (C.D. Cal. July 3, 2013) (same).

THEREFORE, the "motion" that led the Clerk's Office to open this action is DISMISSED for lack of jurisdiction. Judgment dismissing this action without prejudice will be entered accordingly.

**IT IS SO ORDERED.**

DATED: May 14, 2020

HON. PHILIP S. GUTIERREZ
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE

2